UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

In Re: Child Victims Act Cases Removed
From State Court

23-CV-4789, 23-CV-4990,
23-CV-4991 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

Before me are motions to remand three actions brought under the New York Child Victims Act, each alleging sexual abuse by individuals associated with defendants, a school, a parish, churches, and other organizations related to the Diocese of Rockville Centre (the "Diocese"). The Diocese is the debtor in a Chapter 11 bankruptcy proceeding pending in the U.S. Bankruptcy Court for the Southern District of New York, and defendants have removed these cases from state court, pursuant to 28 U.S.C. § 1334, based on their connection to the Diocese's bankruptcy proceeding. Defendants oppose plaintiffs' motions to remand each case back to its respective state court principally on the grounds that the removal was designed to allow for an "efficient transfer" of the case to the Southern District of New York pursuant to a motion filed by the Diocese in that district under 28 U.S.C. § 157(b)(5), which authorizes the consolidation of personal injury tort and wrongful death claims in the district court in which a debtor's bankruptcy case is pending. The Diocese's § 157(b)(5) motion remains pending before Judge Schofield in the Southern District,[1] and defendants have asked me to deny the motions or at least hold them in abeyance pending its

---

[1] No. 23-CV-5751 (LGS) (S.D.N.Y.).

resolution, lest as "efficiency gains from removal . . . be lost." *Bilello v. Holy Trinity Diocesan High School*, No. 23-CV-4789 (ARR) (ST), ECF No. 10, at 5.

Because the cases covered by this order are three of approximately 220 Child Victims Act cases brought against entities associated with the Diocese that were removed en masse to this district, I write with the benefit of several decisions that have already issued remanding essentially identical cases to state court. As persuasively discussed by Judge Brown in *In re Child Victims Act Cases Removed From State Court*, No. 23-CV-5029 (GRB), 2023 WL 5123396, at *3 (E.D.N.Y. Aug. 10, 2023), plaintiffs have already endured significant delays in pursuing their claims due to the bankruptcy proceeding. Continued obstruction of state court actions denies plaintiffs their day in court and makes it increasingly difficult for plaintiffs to prove their claims. Given the important and urgent interests at stake, I find it prudent to issue a decision without further delay. I therefore incorporate by reference Judge Gonzalez's comprehensive recent opinion remanding ten Child Victims Act Cases in *In Re: Child Victims Act Cases Removed From State Court*, No. 23-CV-4741 (HG), 2023 WL 5287067 (E.D.N.Y. Aug. 17, 2023). For the reasons set forth in that opinion, I find that I have "related to" jurisdiction over plaintiffs' claims and that mandatory abstention requires remand of the three cases before me.[2] *Id*. at *5–8. I also find that remand is warranted under the doctrines of permissive and equitable abstention. *Id*. at *8.

Finally, I reject defendants' request to hold the remand motions in abeyance pending Judge Schofield's decision on the Diocese's § 157(b)(5) motion. Defendants purport to have removed the present cases for the sake of efficiency. I find defendants' rationale puzzling. Section 157(b)(5)

---

[2] Mandatory abstention is not permissible where § 1334 does not provide the sole basis for federal jurisdiction. In *Rivero v. St. John the Evangelist Catholic Parish*, No. 23-CV-4991 (ARR) (SIL), defendants invoke diversity jurisdiction in opposition to plaintiff's motion. *See* ECF No. 11, at 2. Because defendants did not invoke diversity jurisdiction in their notices of removal, that contention is waived. *In Re: Child Victims Act Cases*, 2023 WL 5287067, at *6 n.5.

allows the transfer of cases pending in federal court *and* state court to the federal district court where a bankruptcy proceeding is pending. *See In re Pan Am. Corp.*, 16 F.3d 513, 516–17 (2d Cir. 1994). Defendants fail to explain how or why any efficiencies would be realized by a transfer of these cases from one federal court to another as opposed to from state court to federal court.

Because I see no reason to hold these motions in abeyance and because mandatory abstention requires the remand of the cases, plaintiffs' motions are GRANTED. The following cases are hereby REMANDED:

- *Bilello v. Holy Trinity Diocesan High School*, E.D.N.Y. Docket No. 23-CV-4789, Nassau County Index No. 900099/2021

- *Doe v. Franciscan Brothers of Brooklyn*, E.D.N.Y. Docket No. 23-CV-4990, Nassau County Index No. 518736/2021

- *Rivero v. St. John the Evangelist Catholic Parish*, E.D.N.Y. Docket No. 23-CV-4991, Suffolk County Index No. 614911/2021

The Clerk of Court is respectfully directed to close these cases and to mail a copy of this order to the New York State Supreme Courts in Nassau County and Suffolk County.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated: August 23, 2023
Brooklyn, New York